THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JANET C. HUDSON (State Bar No. 113996)
Assistant United States Attorney
National Security Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6356
    Facsimile: (213) 894-7631
    E-mail: janet.hudson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 07-1223(A)-GW |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MOHAMAD MOUSSA MATAR |
| v. | |
| MOUSSA MAHMOUD MATAR, et al., | |
| Defendants. | |

    1.  This constitutes the plea agreement between MOHAMAD MOUSSA MATAR ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

PLEA

    2.  Defendant agrees to plead guilty to count seven of the superseding indictment in <u>United States v. Moussa Mahmoud</u>

1  <u>Matar, et al.</u>, CR No. 07-1223(A)-GW.

2                    <u>NATURE OF THE OFFENSE</u>

3      3.   In order for defendant to be guilty of count seven,

4  which charges a violation of Title 31, United States Code,

5  Section 5324(a)(3), the following must be true:

6      a.   Defendant structured or assisted in structuring

7      b.   a transaction with one or more domestic financial

8  institutions

9      c.   for the purpose of evading the reporting requirements

10 of 31 U.S.C. § 5313.

11 Defendant admits that defendant is, in fact, guilty of this

12 offense as described in count seven of the superseding

13 indictment.

14                        <u>PENALTIES</u>

15     4.   The statutory maximum sentence that the Court can

16 impose for a violation of Title 31, United States Code, Section

17 5324(a)(3), is: five years imprisonment; a three-year period of

18 supervised release; a fine of $250,000; and a mandatory special

19 assessment of $100.00.

20     5.   Supervised release is a period of time following

21 imprisonment during which defendant will be subject to various

22 restrictions and requirements.  Defendant understands that if

23 defendant violates one or more of the conditions of any

24 supervised release imposed, defendant may be returned to prison

25 for all or part of the term of supervised release, which could

26 result in defendant serving a total term of imprisonment greater

27 than the statutory maximum stated above.

28     6.   Defendant also understands that, by pleading guilty,

                              2

1  defendant may be giving up valuable government benefits and

2  valuable civic rights, such as the right to vote, the right to

3  possess a firearm, the right to hold office, and the right to

4  serve on a jury.

5      7.  Defendant further understands that the conviction in

6  this case may subject defendant to various collateral

7  consequences, including but not limited to deportation,

8  revocation of probation, parole, or supervised release in

9  another case, and suspension or revocation of a professional

10 license.  Defendant understands that unanticipated collateral

11 consequences will not serve as grounds to withdraw defendant's

12 guilty plea.

13                          <u>FACTUAL BASIS</u>

14     8.  Defendant and the USAO agree and stipulate to the

15 statement of facts provided below.  This statement of facts is

16 sufficient to support a plea of guilty to the charge described

17 in this agreement and to establish the sentencing guideline

18 factors set forth in paragraph 11 below.  It is not meant to be

19 a complete recitation of all facts relevant to the underlying

20 criminal conduct or all facts known to either party that relate

21 to that conduct.

22          On May 29, 2007, an unknown person deposited

23      $9,200 in cash into a bank account (number ending in

24      4516) in the name of Denim Palace at Bank of America.

25      The next day, on May 30, 2007, defendant knowingly

26      deposited $8,250 in cash into the same bank account

27      (number ending in 4516) in the name of Denim Palace at

28      Bank of America.  Defendant's deposit of $8,250 in

                                3

cash on May 30, 2007 is reflected in bank records and
video surveillance photos.  The total amount of cash
in the above-referenced two deposits on May 29 and May
30, 2007 was $17,450.

The deposit of a total of over $10,000 in cash on
a single day into the Denim Palace account would have
caused Bank of America to be required to file a
Currency Transaction Report.  However, in order to
evade and for the purpose of evading the currency
reporting requirement of 31 U.S.C. § 5313, defendant
structured and assisted in structuring the deposit so
that each deposit would be under $10,000.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

9.  By pleading guilty, defendant gives up the following
rights:

a) The right to persist in a plea of not guilty.

b) The right to a speedy and public trial by jury.

c) The right to the assistance of legal counsel at
trial, including the right to have the Court appoint counsel for
defendant for the purpose of representation at trial.  (In this
regard, defendant understands that, despite his plea of guilty,
he retains the right to be represented by counsel -- and, if
necessary, to have the court appoint counsel if defendant cannot
afford counsel -- at every other stage of the proceeding.)

d) The right to be presumed innocent and to have the
burden of proof placed on the government to prove defendant
guilty beyond a reasonable doubt.

e) The right to confront and cross-examine witnesses

4

1  against defendant.

2        f) The right, if defendant wished, to testify on

3  defendant's own behalf and present evidence in opposition to the

4  charges, including the right to call witnesses and to subpoena

5  those witnesses to testify.

6        g) The right not to be compelled to testify, and, if

7  defendant chose not to testify or present evidence, to have that

8  choice not be used against defendant.

9     By pleading guilty, defendant also gives up any and all

10 rights to pursue any affirmative defenses, Fourth Amendment or

11 Fifth Amendment claims, and other pretrial motions that have

12 been filed or could be filed.

13                    SENTENCING FACTORS

14    10.  Defendant understands that the Court is required to

15 consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7),

16 including the kinds of sentence and sentencing range established

17 under the United States Sentencing Guidelines ("U.S.S.G." or

18 "Sentencing Guidelines"), in determining defendant's sentence.

19 Defendant further understands that the Sentencing Guidelines are

20 advisory only, and that after considering the Sentencing

21 Guidelines and the other § 3553(a) factors, the Court may be

22 free to exercise its discretion to impose any reasonable

23 sentence up to the maximum set by statute for the crime of

24 conviction.

25    11.  Defendant and the USAO agree and stipulate to the

26 following applicable sentencing guideline factors:

27    Base Offense Level  :    6     [U.S.S.G. §2S1.3]

28

5

```
                Value of the funds
                involved in Count Seven
                ($17,450)        :        +4        [U.S.S.G. §2B1.1(C)]

                Acceptance of
                Responsibility :         -2         [U.S.S.G. §3E1.1]

                Total Offense Level:      8
```

For purposes of this plea agreement, the government does not allege that any enhancement applies for a pattern of illegal activity involving more than $100,000 in a 12-month period.  The USAO will agree to a downward adjustment for acceptance of responsibility (and, if applicable, move for an additional level under § 3E1.1(b)) only if the conditions set forth in paragraph 15 are met.  Subject to paragraph 15, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments or departures, relating to either the applicable Offense Level or the Criminal History Category, be imposed.  If, however, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section.

     12.  There is no agreement as to defendant's criminal history or criminal history category.

     13.  Defendant and the USAO also agree and stipulate that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), the relevant Sentencing Guidelines effective on

1  November 1, 2006, represent a reasonable basis for the Court to
2  determine defendant's sentence in this case, and agree that
3  defendant should be sentenced in accordance with the Sentencing
4  Guidelines.   Therefore, subject to paragraph 15, defendant and
5  the USAO agree not to seek, argue, or suggest in any way, either
6  orally or in writing, that the Court (a) not follow the
7  Sentencing Guidelines in imposing sentence; (b) impose a
8  sentence not in accordance with the Sentencing Guidelines; or
9  (c) impose a sentence outside the sentencing range corresponding
10 to the determined total offense level; or (c) impose a sentence
11 outside the sentencing range for the total offense level
12 stipulated to above.

13     14.   The stipulations in this agreement do not bind either
14 the United States Probation Office or the Court.   Both defendant
15 and the USAO are free to: (a) supplement the facts by supplying
16 relevant information to the United States Probation Office and
17 the Court, (b) correct any and all factual misstatements
18 relating to the calculation of the sentence, and (c) argue on
19 appeal and collateral review that the Court's Sentencing
20 Guidelines calculations are not error, although each party
21 agrees to maintain its view that the calculations in paragraph
22 11 are consistent with the facts of this case.

23                   DEFENDANT'S OBLIGATIONS

24     15.   Defendant agrees that he will:

25          a) Plead guilty as set forth in this agreement.

26          b) Not knowingly and willfully fail to abide by all
27 sentencing stipulations contained in this agreement.

28          c) Not knowingly and willfully fail to: (i) appear for

                              7

1   all court appearances, (ii) surrender as ordered for service of
2   sentence, (iii) obey all conditions of any bond, and (iv) obey
3   any other ongoing court order in this matter.

4         d) Not commit any crime; however, offenses which would
5   be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c)
6   are not within the scope of this agreement.

7         e) Not knowingly and willfully fail to be truthful at
8   all times with Pretrial Services, the U.S. Probation Office, and
9   the Court.

10         f) Pay the applicable special assessment at or before
11   the time of sentencing unless defendant lacks the ability to pay
12   and submits a completed financial statement (form OBD-500) to
13   the USAO prior to sentencing.

14         g) Obtain all claimants' signatures upon the
15   Stipulation for Entry of Consent Judgment in the related civil
16   forfeiture action, in the form attached hereto as Exhibit 1, and
17   obtain the signature of Mahmoud Matar on the Waiver and Release
18   of Claims to Contest Forfeiture in the form attached hereto as
19   Exhibit 2, and deliver the fully executed Stipulation and Waiver
20   to the government prior to sentencing.

21         h) Not assist any other individual in any effort
22   falsely to contest the forfeiture of the assets described in the
23   forfeiture Stipulation.

24         i) Not claim that reasonable cause to seize the assets
25   described in the forfeiture Stipulation was lacking.

26         j) Prevent the disbursement of any and all assets
27   described in the forfeiture Stipulation if such disbursements
28   are within defendant's direct or indirect control.

8

1        k) Not argue that forfeiture of assets described in

2   the forfeiture Stipulation shall be counted toward satisfaction

3   of any special assessment, fine, restitution, or any other

4   penalty the Court may impose.

5                        THE USAO'S OBLIGATIONS

6        16.  If defendant complies fully with all defendant's

7   obligations under this agreement, the USAO agrees:

8        a) To abide by all sentencing stipulations contained

9   in this agreement.

10       b) At the time of sentencing to move to dismiss the

11  remaining counts of the indictment as against defendant and move

12  to dismiss the underlying indictment.

13       c) At the time of sentencing, provided that defendant

14  demonstrates an acceptance of responsibility for the offense up

15  to and including the time of sentencing, to recommend a two-

16  level reduction in the applicable sentencing guideline offense

17  level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if

18  necessary, move for an additional one-level reduction if

19  available under that section.

20                        BREACH OF AGREEMENT

21       17.  If defendant, at any time after the execution of this

22  agreement, knowingly violates or fails to perform any of

23  defendant's agreements or obligations under this agreement ("a

24  breach"), the USAO may declare this agreement breached.  If the

25  USAO declares this agreement breached at any time following its

26  execution, and the Court finds such a breach to have occurred,

27  then: (a) if defendant has previously entered a guilty plea,

28  defendant will not be able to withdraw the guilty plea, and (b)

9

1 | the USAO will be relieved of all of its obligations under this
2 | agreement.

3 |    18.   Following the Court's finding of a knowing and willful
4 | breach of this agreement by defendant, should the USAO elect to
5 | pursue any charge or any civil or administrative action that was
6 | either dismissed or not filed as a result of this agreement,
7 | then:

8 |       a) Defendant agrees that any applicable statute of
9 | limitations is tolled between the date of defendant's signing of
10 | this agreement and the commencement of any such prosecution or
11 | action.

12 |       b) Defendant gives up all defenses based on the
13 | statute of limitations, any claim of pre-indictment delay, or
14 | any speedy trial claim with respect to any such prosecution or
15 | action, except to the extent that such defenses existed as of
16 | the date of defendant's signing this agreement.

17 |       c) Defendant agrees that: (i) any statements made by
18 | defendant, under oath, at the guilty plea hearing (if such a
19 | hearing occurred prior to the breach); (ii) the stipulated
20 | factual basis statement in this agreement; and (iii) any
21 | evidence derived from such statements, are admissible against
22 | defendant in any such prosecution of or action against
23 | defendant, and defendant shall assert no claim under the United
24 | States Constitution, any statute, Rule 410 of the Federal Rules
25 | of Evidence, Rule 11(f) of the Federal Rules of Criminal
26 | Procedure, or any other federal rule, that the statements or any
27 | evidence derived from any statements should be suppressed or are
28 | inadmissible.

## WAIVER OF APPEAL AND COLLATERAL ATTACK

19. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that the sentence is within the statutory maximum specified in paragraph 4 above and is constitutional. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Notwithstanding the foregoing, defendant retains the ability to appeal the conditions of probation or supervised release imposed by the Court, with the exception of the following: conditions set forth in General Orders 318 and 01-05 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

## LIMITED MUTUAL WAIVER OF APPEAL

20. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, and (b) the Court imposes a sentence within or below the range corresponding to a total offense level of 8, and the applicable criminal history category as determined by the Court. Notwithstanding the foregoing, defendant retains any ability defendant has to appeal the Court's determination of defendant's

11

criminal history category and the conditions of probation or
supervised release imposed by the Court, with the exception of
the following: conditions set forth in General Orders 318, 01-
05, and/or 05-02 of this Court; the drug testing conditions
mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol
and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21.   The USAO gives up its right to appeal the sentence,
provided that (a) the sentence is within the statutory maximum
specified above and is constitutional, and (b) the Court imposes
a sentence within or above the range corresponding to a total
offense level of 8, and the applicable criminal history category
as determined by the Court.

## COURT NOT A PARTY

22.   The Court is not a party to this agreement and need
not accept any of the USAO's sentencing recommendations or the
parties' stipulations.   Even if the Court ignores any sentencing
recommendation, finds facts or reaches conclusions different
from any stipulation, and/or imposes any sentence up to the
maximum established by statute, defendant cannot, for that
reason, withdraw defendant's guilty plea, and defendant will
remain bound to fulfill all defendant's obligations under this
agreement.   No one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise
regarding the sentence defendant will receive, except that it
will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

23.   Except as set forth herein, there are no promises,
understandings or agreements between the USAO and defendant or

1  defendant's counsel.   Nor may any additional agreement,

2  understanding or condition be entered into unless in a writing

3  signed by all parties or on the record in court.

4  <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

5       24.  The parties agree and stipulate that this Agreement

6  will be considered part of the record of defendant's guilty plea

7  hearing as if the entire Agreement had been read into the record

8  of the proceeding.

9       This agreement is effective upon signature by defendant and

10  an Assistant United States Attorney.

11  AGREED AND ACCEPTED

12  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA
13
   THOMAS P. O'BRIEN
14  United States Attorney

15  _Janet C. Hudson_                    _May 27, 2009_

16  JANET C. HUDSON                       Date
   Assistant United States Attorney
17

18       This agreement has been read to me in Arabic, the language

19  I understand best, and I have carefully discussed every part of

20  it with my attorney. I understand the terms of this agreement,

21  and I voluntarily agree to those terms.  My attorney has advised

22  me of my rights, of possible defenses, of the sentencing factors

23  set forth in 18 U.S.C. § 3553(a), of the relevant Sentencing

24  Guidelines provisions, and of the consequences of entering into

25  this agreement.  No promises or inducements have been given to

26  me other than those contained in this agreement.  No one has

27  threatened or forced me in any way to enter into this agreement.

28  Finally, I am satisfied with the representation of my attorney

13

1  in this matter.

2

3                                                    5-27-09
   _____          _____
   MOHAMAD MOUSSA MATAR                 Date
4  Defendant

5      I, Nohad Hanna, am fluent in written and spoken English and

6  Arabic languages.  I accurately translated this entire agreement

7  from English into Arabic to defendant MOHAMAD MOUSSA MATAR on

8  this date.

9

10                                                   5/27/09
   _____          _____
   NOHAD HANNA                          Date
11  Interpreter

12

13     I am Mohamad Moussa Matar's attorney.  I have carefully

14  discussed every part of this agreement with my client.  Further,

15  I have fully advised my client of his rights, of possible

16  defenses, of the sentencing factors set forth in 18 U.S.C. §

17  3553(a), of the relevant Sentencing Guidelines provisions, and

18  of the consequences of entering into this agreement.  To my

19  knowledge, my client's decision to enter into this agreement is

20  an informed and voluntary one.

21

22                                                   5/27/09
   _____          _____
   HUSSEIN CHAHINE                      Date
23  Counsel for Defendant
   MOHAMAD MOUSSA MATAR
24

25

26

27

28

                              14

# EXHIBIT 1

THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
MONICA E. TAIT
Assistant United States Attorney
California Bar Number 157311
Asset Forfeiture Section
      1400 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-2931
      Facsimile: (213) 894-7177
      Email:    Monica.Tait@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CV 08-02741 GW (PLAx) |
| Plaintiff, | STIPULATION FOR ENTRY OF CONSENT JUDGMENT |
| v. | [PROPOSED ORDER FILED CONCURRENTLY] |
| $264,888.70 IN BANK ACCOUNT FUNDS, AND $77,035.00, $72,922.00, $18,095.00 IN U.S. CURRENCY, AND $204,706.40 IN BANK ACCOUNT FUNDS, | |
| Defendants. | |

Plaintiff United States of America (the "government") and

claimants Moussa Matar, Feyrouz Matar, Mohamad Moussa Matar, Rana

Ahmed Ghasham (aka Rayna Ahmed Gashamp), Zeinab Matar, Nour

Yousseff Saab, Ali Moussa Matar, Fatima Matar, and Ali Saleh,

hereby stipulate as follows:

1.   This agreement is entered into between plaintiff United States of America and claimants Moussa Matar, Feyrouz Matar, Mohamad Moussa Matar, Rana Ahmed Ghasham (aka Rayna Ahmed Gashamp), Zeinab Matar, Nour Yousseff Saab, Ali Moussa Matar, Fatima Matar, and Ali Saleh.   Each of the claimants has asserted an interest in one or more of the defendants $264,888.70 in Bank Account Funds, and $77,035.00, $72,922.00, $18,095.00 in U.S. Currency, and $204,706.40 in Bank Account Funds.   The defendants are referred to collectively as "defendant funds."

2.   On April 17, 2007, plaintiff United States of America commenced this judicial forfeiture action by filing a Complaint alleging that the defendants are forfeitable to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), (a)(1)(C), and 984.

3.   On July 28, 2008, the government filed a First Amended Complaint, which added the defendant $204,706.40 in Bank Account Funds as a defendant in the case.   Claimants Moussa Matar, Feyrouz Matar, Mohamad Moussa Matar, Rana Ahmed Ghasham (aka Rayna Ahmed Gashamp), Zeinab Matar, Nour Yousseff Saab, Ali Moussa Matar, Fatima Matar, and Ali Saleh each filed a claim to contest the forfeiture of one or more of the defendant assets, but no answers were ever filed.

4.   Plaintiff has notified other potential claimants of this action pursuant to Supplemental Rule G of the Federal Rules of Civil Procedure.   The United States published notice of the original Complaint on May 20, 27, and June 3, 2008, and the First Amended Complaint on August 14, 21, and 28, 2008.   No other claims or answers have been filed to contest the forfeiture of the defendant funds other than specifically noted above, and the time

1  for filing claims and answers has expired.   All potential claimants
2  to the defendant funds other than the undersigned are deemed to
3  have admitted the allegations of the Complaint and First Amended
4  Complaint ("FAC").

5      5.   It is the intention of plaintiff United States of America
6  and Moussa Matar, Feyrouz Matar, Mohamad Moussa Matar, Rana Ahmed
7  Ghasham (aka Rayna Ahmed Gashamp), Zeinab Matar, Nour Yousseff
8  Saab, Ali Moussa Matar, Fatima Matar, and Ali Saleh to resolve all
9  of their competing claims to the defendants by this Stipulation for
10  Entry of Consent Judgment.

11      6.   The parties agree to the following disposition of the
12  defendants:

13      a.   The United States shall have judgment in the present
14  forfeiture action against the interests of Moussa Matar, Feyrouz
15  Matar, Mohamad Moussa Matar, Rana Ahmed Ghasham (aka Rayna Ahmed
16  Gashamp), Zeinab Matar, Nour Yousseff Saab, Ali Moussa Matar,
17  Fatima Matar, and Ali Saleh, and all other potential claimants, in
18  all of the following defendants (collectively, the "Forfeited
19  Funds"):

20      (1)   $241,438.70 of the defendant $264,888.70 in Bank Account
21          Funds (which defendant is particularly described at
22          paragraphs 6(a)-(g) of the FAC); and

23      (2)   All of the defendant $204,706.40 in Bank Account Funds
24          (which defendant is particularly described at paragraphs
25          8(a)-(e) of the FAC).

26  The Forfeited Funds shall be condemned and forfeited to the United
27  States of America upon entry of the accompanying Consent Judgment.
28  The United States Marshals Service shall dispose of the Forfeited

1   Funds in accordance with law.

2       b.   The United States shall return the remaining $23,450.00

3   of the defendant $264,888.70 in Bank Account Funds; and all of the

4   defendants $77,035.00, $72,922.00 and $18,095.00 in U.S. Currency,

5   plus all interest actually accrued thereon since the time of

6   seizure, to claimants, via one or more checks payable to Hussein A.

7   Chahine Client Trust Account.  Not later than 30 days after the

8   court enters the accompanying Consent Judgment, said check(s) shall

9   be mailed to: Hussein A. Chahine; 33 South Catalina Avenue, Suite

10  202; Pasadena, California 91106.

11      7.   Except as to such rights and obligations created by this

12  agreement, claimants Moussa Matar, Feyrouz Matar, Mohamad Moussa

13  Matar, Rana Ahmed Ghasham (aka Rayna Ahmed Gashamp), Zeinab Matar,

14  Nour Yousseff Saab, Ali Moussa Matar, Fatima Matar, and Ali Saleh,

15  release and agree to hold harmless the United States, and any

16  agents, servants, and employees of the United States (or any state

17  or local law enforcement agency), including without limitation the

18  Federal Bureau of Investigation, acting in their individual or

19  official capacities, from all claims, actions or proceedings,

20  including, but not limited to, any claim for attorney's fees and/or

21  costs, or interest, which may hereafter be asserted or brought by

22  any of them or on their behalf which arise out of the present

23  action.

24      8.   Each party shall bear its own costs of litigation and

25  attorney's fees.  Each party waives its right to appeal.  The

26  parties agree that the Court's entry of the accompanying Consent

27  Judgment constitutes a certificate of reasonable cause pursuant to

28  28 U.S.C. § 2465(a)(2).

1       9.   The parties agree that the Court retains jurisdiction over

2    this case and the parties hereto to effectuate the terms of this

3    settlement.

4       10.   Each of the undersigned represents that he/she has the

5    full power and authority (without further approvals or consents) to

6    enter into this Stipulation and perform the obligations set forth

7    herein.

8       11.   The parties hereby stipulate and request that the Court

9    enter the accompanying Consent Judgment in this matter.

10      **SO STIPULATED.**

11   DATED: _____        THOMAS P. O'BRIEN
                                        United States Attorney
12                                      CHRISTINE C. EWELL
                                        Assistant United States Attorney
13                                      Chief, Criminal Division
                                        STEVEN R. WELK
14                                      Assistant United States Attorney
                                        Chief, Asset Forfeiture Section
15

16                                      _____
                                        MONICA E. TAIT
17                                      Assistant United States Attorney

18                                      Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA
19

20   DATED: _____        _____
                                        MOUSSA MATAR, claimant
21

22   DATED: _____        _____
23                                      FEYROUZ MATAR, claimant

24   DATED: _____        _____
25                                      MOHAMAD MOUSSA MATAR, claimant

26   DATED: _____        _____
27                                      RANA AHMED GHASHAM, aka Rayna Ahmed
                                        Gashamp, claimant
28                                      *(continued to next page)*

Page 5 of 6

1

2  DATED: _____
                                    _____
3                                   ZEINAB MATAR, claimant

4  DATED: _____
                                    _____
5                                   NOUR YOUSSEFF SAAB, claimant

6  DATED: _____
                                    _____
7                                   ALI MOUSSA MATAR, claimant

8  DATED: _____
                                    _____
9                                   FATIMA MATAR, claimant

10 DATED: _____
                                    _____
11                                  ALI SALEH, claimant

12 DATED: _____
                                    _____
13                                  CORNELL J. PRICE
                                    Attorney for Claimants MOUSSA
14                                  MATAR, FEYROUZ MATAR, MOHAMAD
                                    MOUSSA MATAR, RANA AHMED GHASHAM (AKA
15                                  RAYNA AHMED GASHAMP), ZEINAB MATAR,
                                    NOUR YOUSSEFF SAAB, ALI MOUSSA MATAR,
16                                  FATIMA MATER, AND ALI SALEH

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

WAIVER AND RELEASE
OF CLAIMS TO CONTEST FORFEITURE

I.   <u>INTRODUCTION</u>.

A.   Moussa Matar, Mohamed Matar, and Ali Matar ("defendants") have entered into a plea agreement with the United States Attorneys Office for the Central District of California.

B.   Defendants and certain non-defendants have agreed to forfeit the following property to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A), (C), and 984:

(1)   A portion of the $264,888.70 in bank funds seized by Special Agents of the Federal Bureau of Investigation ("FBI") on November 6, 2007 from accounts at Bank of America pursuant to a federal seizure warrant.  The seized funds are more particularly described as follows:

    a.   $46,900.00 seized from an account ending in -0804;

    b.   $74,447.52 seized from an account ending in -1759;

    c.   $21,661.48 seized from an account ending in -3268;

    d.   $24,573.88 seized from an account ending in -2456;

    e.   $62,144.45 seized from an account ending in -4516;

    f.   $17,852.46 seized from an account ending in -1090;

    g.   $17,308.91 seized from an account ending in -3923.

(2)   $204,706.40 in bank funds seized by Special Agents of the FBI on or about February 21, 2008 from accounts at U.S. Bank pursuant to a federal seizure warrant, and more particularly described as follows:

    a.   $14,156.07 seized from an account ending in -2784;

       b.    $112,626.21 from an account ending in -2792;

       c.    $25,394.53 from an account ending in -2800;

       d.    $28,027.00 from an account ending in -2826; and

       e.    $24,502.59 from an account ending in  -2891.

    C.    Mahmoud Matar is Moussa Matar's son.  Mahmoud Matar resided at Moussa Matar's Cudahy, California residence on or about November 6, 2007, at the time of the seizure of $77,035.00 in United States Currency ("seized currency") from the residence by members of the Los Angeles Police Department or Special Agents of the Federal Bureau of Investigation during the execution of a state search warrant at the residence.

## II.  <u>WAIVER AND RELEASE BY MAHMOUD MATAR</u>

    Mahmoud Matar hereby knowingly, voluntarily, and intelligently waives, relinquishes, and surrenders all rights to contest the forfeiture of the bank funds and seized currency described in paragraphs I(B)-(C) above, and all rights to judicial review of the seizure and/or forfeiture of those assets.

Dated: _____

                                            _____

                                          Mahmoud Matar